IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRYCE FRANKLIN,

    Plaintiff,

v.                                          Case No. 24-cv-0570-KWR-DLM

THE GEO GROUP, Inc., *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand (Doc. 4) (Motion). Plaintiff seeks to remand this case back to New Mexico's Third Judicial District Court (State Court) because Defendant GEO Group Inc. (GEO) failed to timely file its Notice of Removal pursuant to 28 U.S.C. § 1446(b). Having considered the arguments and applicable law, the Court will grant Plaintiff's Motion.

### BACKGROUND

This case stems from Plaintiff's confinement at the Lea County Correctional Facility (LCCF). Plaintiff filed a *pro se* Civil Complaint in State Court on January 4, 2023, which alleges prison officials retaliated based on his history of litigation and grievances. *See* Doc. 5-1 (Opening Complaint). The Opening Complaint raises claims under state tort law and 42 U.S.C. § 1983 against: (1) GEO; (2) Estacado Federal Credit Union; and (3) John Doe 1-5. *Id.* at 1.

On May 22, 2024, the State Court granted leave to amend the Opening Complaint, and Plaintiff's proposed Amended Complaint was deemed filed that same day. *See* Docs. 1-1, 1-2. The Amended Complaint names GEO, Estacado, and nine new Defendants. *See* Doc. 1-2. The

new Defendants are individuals who are allegedly employed by GEO or Estacado. *Id.* The GEO employees appear to include Victoria Duran; Bobbi Collins; Julia Searcy; Vanessa Villalobos; Susan Hutchinson; Chanelle Marquez; and Dwayne Santistevan. The Estacado employees include Mark Roddenberry and Monica Carrasco. According to GEO and Estacado, none of the newly-added individual Defendants have been served. *See* Docs. 6, 7.

GEO filed its Notice of Removal on June 6, 2024. *See* Doc. 1. Estacado and the newly added Estacado employees (Monica Carrasco, and Mark Roddenberry) filed a notice consenting to removal on June 17, 2024. *See* Doc. 3. The newly added GEO employees did not consent to removal, but it appears they are not required to do so at this time since they have not been served. Plaintiff filed the instant Motion to Remand on July 3, 2024, within thirty days after the case was removed. *See* Doc. 4. Plaintiff argues the Notice of Removal is untimely. Specifically, Plaintiff contends the Removing-Defendant (GEO) was required to file its Notice of Removal within thirty days after Plaintiff filed the Opening Complaint in 2023. GEO contends any defect was cured when the newly added Estacado employees (Carrasco and Roddenberry) consented to removal. *See* Doc. 6. The Estacado Defendants joined in GEO's response, and the Motion to Remand is fully briefed.

## LEGAL STANDARDS

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A notice of removal must be filed within thirty days after receipt by the defendant of a copy of a pleading or other paper from which it may first be ascertained that the case is one which is removable. 28 U.S.C. § 1446(b). "When a civil action is

2

removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

The Court follows the "last-served rule" pursuant to § 1446(b)(2)(C), where the clock begins running on each defendant to remove a case when that defendant receives formal service of process. *See Lucero v. Ortiz*, 163 F. Supp. 3d 920, 931 (D.N.M. 2015) ("The last-served rule provides that each defendant has a right to remove within thirty days of service."); *Sandoval v. Bosley*, 2024 WL 3342427, at *2 (D.N.M. July 8, 2024) (collecting cases showing this District follows the rule). A defendant's consent to removal is not necessary where he or she has not been served at the time another defendant filed its notice of removal. *See Sheldon v. Khanal*, 502 Fed. App'x. 765 (10th Cir. 2012).

Federal courts are courts of limited jurisdiction; thus, there is a presumption against removal jurisdiction, which the defendant seeking removal must overcome. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). "It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1095 (10th Cir. 2005) (quoting *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941); *United States ex rel. King v. Hillcrest Health Ctr.*, 264 F.3d 1271, 1280 (10th Cir. 2001)). "All doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

## DISCUSSION

The Notice of Removal in this case is facially defective. GEO's own deadline to remove the case expired in February of 2023, since the Opening Complaint raised federal claims against

GEO.  *See* 28 U.S.C. § 1446(b) (a defendant must file its notice within thirty days after the basis for removal is ascertainable).  At issue is whether GEO was entitled to remove the case in 2024 because the new Defendants *could* have filed a notice of removal at that time.  Said differently, the Court must decide whether the defective Notice of Removal was cured by the fact that two newly added, putative Defendants (Carrasco and Roddenberry) consent to removal.

Defendants have not cited, nor has the Court uncovered, relevant authority allowing an earlier-served party to restart the thirty-day removal period simply because newly added Defendants consent.  The consent of all properly joined and served defendants is required for every successful removal.  *See* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."); *McAnulty v. Standard Ins. Co.*, 81 F.4th 1091, 1094 n. 3 (10th Cir. 2023) (citing § 1446(b)(2)(A) and noting the "apparent failure of [a] Defendant to consent to the removal may have made removal improper").  Thus, the Court is not persuaded that obtaining the consent of a new defendant confers any special/additional benefits on an earlier-served defendant who is no longer entitled to remove.

GEO and Estacado's construction of § 1446 could also result in a windfall where they receive a second bite at the apple regarding removal, but the newly added individual Defendants never have to defend the case.  Each new individual named in Plaintiff's Amended Complaint is a putative Defendant, meaning they have not been served.  *See* Doc. 6 at 3 (noting the individual defendants may never be lawfully served process); Doc. 7 (joining the response).  Thus, GEO and Estacado may ultimately remain as the only two Defendants.  The Court also notes that the newly added putative Defendants (and particularly the GEO employees, who have not appeared in any case) can file their own notice of removal within thirty days of service/receipt of the Amended

4

Complaint. *See* 28 U.S.C. § 1446(b)(1). Under these circumstances, the Court will not construe § 1446 beyond its plain language to allow GEO to exercise the removal rights of newly added Defendants.

In its Response to Plaintiff's Motion, GEO argues a remand prioritizes form over substance. GEO points out that the case may ultimately end up in Federal Court because the newly added Defendants can still exercise their own right to remove the case once service is effectuated. While this may be true, the Tenth Circuit requires strict adherence to the removal procedures when the plaintiff raises a defect, and courts are required to resolve all doubts in favor of remand. *See Huffman v. Saul Holdings Ltd. P'shp*, 194 F.3d 1072, 1077 (10th Cir. 1999) ("[T]he failure to comply with the[] express statutory requirements for removal can fairly be said to render the removal 'defective' and justify a remand."); *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) ("Removal statutes are to be strictly construed, and all doubts are to be resolved against removal.").

For these reasons, the Court concludes GEO's Notice of Removal is untimely and procedurally defective under 28 U.S.C. § 1446(b). The Court further concludes Plaintiff properly preserved the issue under 28 U.S.C. § 1447(c). The Court will grant Plaintiff's Motion and remand this case to New Mexico's Third Judicial District Court, Dona Ana, State of New Mexico, Case No. D-307-CV-2023-0028, based on a procedural defect under 28 U.S.C. §§ 1446(b) and 1447(c).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (**Doc. 4**) is **GRANTED** pursuant to 28 U.S.C. §§ 1446(b) and 1447(c), based on the procedural defect set forth above.

      **IT IS FURTHER ORDERED** that this action is **REMANDED** to New Mexico's Third Judicial District Court; and the Clerk's Office is hereby directed to take the necessary actions to remand the case.

      **SO ORDERED**.

 

                                                                                       /S/
                                                             KEA W. RIGGS
                                                             UNITED STATES DISTRICT JUDGE